## E. C. Hopkins and James H. Wilson, Receivers of the Louisville, E. & St. L. Consolidated R. R. v. Henry Anderson.

VERDICTS—*Unsupported by the Evidence.*—A verdict unsupported by the evidence and against the great weight and body of it, will be set aside.

Trespass on the Case, for personal injuries. Error to the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the August term. Reversed and remanded. Opinion filed March 1, 1898.

HAMILL & BORDERS, attorneys for plaintiffs in error.

M. MILLARD, F. C. SMITH and A. R. TAYLOR, attorneys for defendant in error.

MR. JUSTICE BIGELOW DELIVERED THE OPINION OF THE COURT.

In the afternoon of November 16, 1895, Willie Anderson, son of defendant in error, then a boy of about nine years of age, climbed upon the footboard of the tender of a switch engine, being run by and in the yards of plaintiff in error, in East St. Louis, to ride, without permission of any of the persons having charge of the engine or cars attached to it. The head end of the engine was attached to a number of cars, which were being pulled by it and switched to another part of the yard. While the engine was moving slowly, the boy either jumped or fell off the footboard, on which he had been standing, directly in front of the tender, and was run over and his legs crushed, so it became necessary to amputate them.

Defendant in error brought suit in the City Court of East St. Louis against plaintiffs in error for the loss of services of his son, and recovered a verdict for $750

damages, on which the court, after overruling motions for a new trial and in arrest of judgment, rendered judgment, and the defendants below bring the case here by writ of error, and assign for error the overruling of the motion for a new trial, with other causes, which latter, in the view we take of the case, need not be noticed.

We have carefully examined the evidence in the record (which, in view of the possibility of another trial, we do not care to comment upon), and if it be conceded that the boy was wholly incapable of caring for himself, we still think the verdict is against much the greater weight of the evidence, upon the essential point in the case, as to whether any of the persons in charge of the engine and cars knew the boy was on the footboard of the tender before the accident occurred; and that therefore the court erred in overruling defendant's motion for a new trial; and for this error the judgment is reversed and the cause remanded.